## Commonwealth v. Zaleski.

*Criminal law—Malicious mischief—Indictment—Trespass.*

An indictment charging that defendant "maliciously and mischievously did break a door upon an automobile and did otherwise damage and injure said automobile, the amount of said damage being thirty dollars," does not set forth an offence indictable at common law.

Motion to quash indictment. Q. S. Lackawanna Co., Oct. Sess., 1924, No. 669.

*H. A. Scragg*, District Attorney, for Commonwealth.

*R. W. Rymer* and *C. B. Comegys*, for defendant.

EDWARDS, P. J., Dec. 29, 1924.—In the indictment it is charged that the defendant "maliciously and mischievously did break a door upon an automobile, and did otherwise damage and injure said automobile, the amount of said damage being thirty dollars." Defendant's counsel claims that such a charge is a mere trespass and is not malicious mischief, either under any statute or at common law. There is no statute in Pennsylvania that will sustain this indictment. Is the charge set forth indictable under the common law? Although the essence of the crime of malicious mischief is the injury to property, it must be marked by some peculiar features to convert it from a trespass into a crime. It must evince a degree of moral turpitude dangerous to society; or must indicate a violation of some duty owing to the public; or must be done secretly or at night; or wantonly, such as cruelty to a domestic animal; or accompanied by a disturbance of the public peace. To say that a person broke a door of an automobile, causing damage amounting to $30, is to state a mere act of trespass. A similar case is that of Com. v. Casperson, 14 W. N. C. 106, where the indictment charged that the defendant "maliciously did break and destroy a certain chair, then and there the property of B." The indictment was quashed.

Now, Dec. 29, 1924, motion granted and indictment quashed.

From William A. Wilcox, Scranton, Pa.